13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gerardo QUINTANA, Defendant-Appellant.
 No. 93-2127.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1993.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Quintana entered a conditional guilty plea to the crime of possession with intent to distribute less than fifty kilograms of marijuana. Mr. Quintana appeals the trial court's denial of his motion to suppress evidence arguing that his seizure at a fixed and permanent border checkpoint "without any use of discretion by the agent in deciding which other vehicles to stop and question, is an abuse of discretion resulting in violation of [Mr.] Quintana's Fourth Amendment rights." We disagree and affirm.
 
 
 3
 The evidence presented to the trial court at the hearing on Mr. Quintana's motion to suppress was uncontradicted. Insofar as is relevant to this appeal, the evidence shows that all northbound vehicle traffic was directed to the permanent border checkpoint. Nearly all vehicles stop at the checkpoint's stop signs and are visually inspected by border patrol agents. The trial court found most vehicles are not further detained but are "waived through" the border checkpoint without citizenship inquiry. This "waiving through" occurs under three circumstances: (1) when the border patrol agents know both the vehicle and its driver; (2) when the border patrol agents are busy with other duties; and (3) when weather conditions make the stopping of vehicles a hazard. There are no written rules as to when or under what circumstances a border patrol agent may waive a vehicle through the checkpoint and not subject the vehicle to inspection or the vehicle's occupants to interrogation. These decisions are solely within the discretion of each border parol agent. It is upon these facts Mr. Quintana constructs his argument.
 
 
 4
 Mr. Quintana attacks the selective decision to initially question him as unconstitutional since border agents allegedly retained total discretion to decide which vehicles to waive through the checkpoint. The facts of this case show Mr. Quintana stopped his vehicle at the border checkpoint where the agent saw signs of a recent tampering with the bolt near the fuel tank filler tube on the vehicle driven by Mr. Quintana. Mr. Quintana was then referred to the secondary inspection area where he consented to a vehicle inspection which revealed a hidden compartment in the fuel tank containing 113 pounds of marijuana. He does not challenge his detention after the initial questioning or the search of his vehicle; nor does Mr. Quintana raise an argument that the stop was pretextual.
 
 
 5
 The basic law we must apply is found in United States v. Martinez-Fuerte, 428 U.S. 543 (1976). In that case the Supreme Court held that stops for brief questioning routinely conducted at permanent border checkpoints are consistent with the Fourth Amendment and need not be supported by warrant, probable cause, or reasonable individualized suspicion. The Supreme Court balanced the public interest in protecting the integrity of our national borders against the brief detention and questioning of an individual and decided the individual's protection "lies in appropriate limitations on the scope of the stop." Id. at 567.
 
 
 6
 Mr. Quintana does not attack the scope of his stop but rather attacks the border patrol's decision not to stop all vehicles. Mr. Quintana cites Michigan State Police Dept. v. Sitz, 496 U.S. 444 (1990), and Delaware v. Prouse, 440 U.S. 648 (1979), as authority for the proposition that unless all oncoming traffic is stopped or unless there are existing rules directing which vehicles should be stopped, "it cannot be enough to assume every agent will act within the bounds of the Fourth Amendment."
 
 
 7
 We do not read the cases cited as does Mr. Quintana. In Prouse, the Supreme Court held that the random stopping of vehicles on highways where there existed neither probable cause nor reasonable suspicion of illegal activity was violative of the Fourth Amendment. The Supreme Court specifically distinguished Martinez-Fuerte, restating "we view checkpoint stops in a different light because the subjective intrusion--the generating of concern or even fright on the part of lawful travelers--is appreciably less in the case of a checkpoint stop." Prouse, 440 U.S. at 656 (quoting Martinez-Fuerte, 428 U.S. at 558). In Sitz, the Supreme Court upheld the State's use of highway sobriety checkpoints created under guidelines setting forth procedures governing checkpoint operations, site selection, and publicity. The Supreme Court specifically held such seizures were reasonable under the Fourth Amendment and held Martinez-Fuerte was the controlling authority. Sitz, 496 U.S. at 450. Neither of these cases involved the crossing of our nation's border at a permanent and fixed border checkpoint.
 
 
 8
 A border checkpoint stop is a permissible Fourth Amendment seizure as there exists appropriate limitations upon the scope of the stop. Similar limitations characterizing the California permanent checkpoint in Martinez-Fuerte are found here--a "point" agent visually screens incoming vehicles selectively asking citizenship questions to unfamiliar drivers. See 428 U.S. at 546. The duration of questioning is slight and its scope limited to citizenship. Visual inspection at the initial screening is limited to what can be seen in plain view. Mr. Quintana has raised no objections as to the scope of the stop; rather, Mr. Quintana asserts that because some citizens are waived through the checkpoint his rights under the Fourth Amendment have been violated. He is erroneous. With the above limitations, an agent's discretion to "waive through" most vehicles without more than a visual screen does not generate an unconstitutional stop.
 
 
 9
 The judgment of the trial court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3